UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.:  5:10cr9/RS/CJK
                                                        5:12cv163/RS/CJK

NANCI BOTTOMS
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 94, 95). The Government has filed a response (doc. 99) and Defendant has filed a reply (doc. 100). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

# PROCEDURAL BACKGROUND[1]

On February 2, 2010, Defendant was charged in a four count indictment with conspiracy to distribute and possess with intent to distribute more than five hundred grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A)(viii) ("Count One"); two counts of distribution of methamphetamine on two different dates in violation of §§ 841(a)(1) and 841(b)(1)(c) (Counts Two and Three); and possession with intent to distribute more than five grams  methamphetamine on a date certain in violation of §§ 841(a)(1) and 841(b)(1)(B)(viii) ("Count Four").  The Government filed a notice of enhancement information identifying a prior felony drug conviction resulting from Defendant's plea of guilty to "possession with intent to distribute marijuana; aiding and abetting" from the Middle District of Alabama (doc. 46). Defendant was sentenced to a term of three years probation for that offense (doc. 46, exh. A).

Represented by appointed counsel Christopher Patterson, Defendant entered a plea of guilty to all four counts of the indictment pursuant to a written plea agreement and statement of facts on April 7, 2010 (docs. 59–61).

The Presentence Investigation Report ("PSR") was disclosed to the defense on May 28, 2010 (docs. 66, 79 ).  Defendant had a total offense level of 29 after being held accountable for at least 500 grams but less than 1.5 kilograms of methamphetamine, and receiving a three level adjustment for acceptance of responsibility (PSR ¶¶ 26–37).  Defendant has a criminal history category of II, and an applicable advisory guidelines range of 97 to 121 months (PSR ¶¶ 44, 74).  The

---

[1]Detailed statements of facts describing the offense conduct are set forth in the Statement of Facts in support of the Plea Agreement (doc. 60) and Defendant's Presentence Investigation Report (doc. 79), and will be set forth herein only as necessary.

statutory minimum term of imprisonment on Count One was 20 years due to Defendant's prior felony drug conviction (PSR ¶ 71).  A statutory maximum of 30 years applied to Counts Two and Three and a statutory minimum of ten years to Count Four (PSR ¶¶ 72–73).

The Government filed an in camera motion regarding Defendant's assistance, and the court sentenced Defendant to a term of 120 months imprisonment on each count, with each term to run concurrently with the others (doc. 76).  Judgment was entered on July 8, 2010 (doc. 76).  She did not appeal.  In the present motion, Defendant raises three grounds for relief.  She contends that counsel was constitutionally ineffective because he did not appeal, because he failed to challenge, either at sentencing or on appeal, the fact that her sentence was enhanced as a result of her prior conviction for which she received a probationary sentence.    The Government has moved to dismiss Defendant's motion as untimely, and alternatively argues that it should be denied as without merit.

## LEGAL ANALYSIS

Timeliness of Defendant's Motion

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Because Defendant did not file a direct appeal, her judgment of conviction became final when the time for filing an appeal expired.  *See* Fed.R.App.P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).  In this case, Defendant's conviction and sentence became final on June 22, 2010.  Therefore, to be timely, her § 2255 motion had to be filed not later than July 22, 2010.  Her initial motion was actually filed pursuant to the prison mailbox rule[2] on May 23, 2012 (doc. 92), and a court ordered amendment was filed shortly thereafter (doc. 94).   Defendant acknowledges that her motion is facially untimely, and maintains that she is entitled to equitable tolling of the limitations period.

Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing."  *Holland*

---

[2]A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

*v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).   It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039–40 (11th Cir. 2002; *Drew*, 297 F.3d at 1286).  The onus is on the moving defendant to show that she is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon her rights.  *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).  Defendant claims here that her appointed attorney Christopher Patterson became a judge and "abandoned" her appeal.[3]

Appended to Defendant's memorandum are copies of four letters that she purportedly sent to her former counsel in 2010 and 2011.  In a letter dated September 14, 2010, Defendant asks that counsel keep her informed "of the status of her case regarding the appeal and rule 35" (doc. 95 at 5).  She wrote again on November 24, 2010 to check on the status of her case (*id*. at 6).  On May 13, 2011 she wrote and told counsel she was "waiting on news from the appeal and or the rule 35" (*id*. at 7).   In August of 2011, Defendant wrote:

> The last time we talked was in court [the day of sentencing].  If memory serves me correct, you said that we could file an appeal and that within the next year I should hear from the court.  I also could receive a rule 35. I still have heard nothing from either. . . . Could you please update me on what has been done.

---

[3]Christopher Patterson was elected in May of 2010 and was officially sworn into office in January of 2011. *See* http://judgepedia.org/Christopher_Patterson

(*Id*. at 8).[4]  The next two letters are addressed to Defendant from Denise Hendrix, the judicial assistant to now-Judge Patterson.  The first letter, dated December 5, 2011, advises Defendant that Judge Patterson is prohibited from discussing pending cases with the public (*id*. at 9).  The other letter, dated ten days later, advises Defendant that upon becoming a Judge, Judge Patterson cannot discuss cases with previous clients (*id*. at 10).[5]

To be timely filed, an appeal must be filed within fourteen days of the judgment of conviction and a § 2255 motion must be filed within one year from that date.  The first question for this court is whether Defendant's pursuit of her rights was "diligent."  The Supreme Court has stated that "reasonable" diligence in the pursuit of one's rights, "rather than maximum feasible diligence" is required for equitable tolling purposes.  *Holland*, 560 U.S. at 653.  In *Holland*, the defendant argued that equitable tolling excused the untimely filing of a petition for writ of habeas corpus.  In remanding the case for a hearing, the Supreme Court noted the following with respect to defendant's diligence: defendant had written his attorney numerous letters seeking crucial information and providing direction; defendant had repeatedly contacted the state courts, their clerks and the Florida Bar to have counsel removed from his case; and when petitioner discovered that the time limit had expired due to counsel's failings, he prepared and promptly filed a pro se petition.  560 U.S. at 654.  Defendant in this case has not displayed similar diligence.  In the year following her conviction she sent only three letters to counsel.[6]  Defendant does not claim that she

---

[4]This letter was sent to a different address than the previous two letters.

[5]Defendant did not include for the court's consideration the letters to which Ms. Hendrix was responding.

[6]The content of these letters suggests that Defendant did not have a clear understanding of the proceedings, as pursuit of an appeal typically forecloses a Defendant's ability to cooperate and benefit from Rule 35.

was misled by counsel about the status of her case.  *See, e.g.,  Kicklighter v. United States*, 281 F. App'x 926 (11th Cir. 2008).  Rather, she asserts that counsel failed to respond.  Despite having received no response to her letters, Defendant does not indicate that she ever attempted to call counsel or the court or have family members call in her behalf.  Defendant maintains that she did not learn that her former attorney became a judge until November or December of 2011 (*see* doc. 92 at 11; doc. 95 at 1), despite the fact that he had been elected even before her sentencing and was sworn into office in January of 2011.  Even once Defendant learned of this, unlike the petitioner in *Holland*, she still did not file her § 2255 motion until six months later.  This does not rise to the level of diligence required for equitable tolling.  *See George v. Sec'y Dep't of Corrs.*, 438 F. App'x 751 (11th Cir. 2011) (merely hiring post-conviction counsel insufficient to establish reasonable diligence); *San Martin v. McNeill*, 633 F.3d 1257 (11th Cir. 2011) (absent efforts to contact court to ascertain disposition of petition, equitable tolling not warranted); *Drew v. Dep't of Corrs.*, 297 F.3d 1278 (11th Cir. 2002) (no basis for equitable tolling when petitioner made a single inquiry to the state court about the status of petition, and made no other attempt to call or send someone in his behalf).   Furthermore, although a finding of a lack of diligence defeats her eligibility for equitable tolling, because a petitioner must show both due diligence *and* extraordinary circumstances, the court notes that Defendant also has not shown any extraordinary circumstance that stood in the way of her timely filing.   *See  Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (citing *Diaz v. Sec'y for Dep't of Corrs.*, 362 F.3d 698, 702 (11th Cir. 2004)).

The Government argues that even if Defendant did qualify for equitable tolling, the two claims Defendant raises in her motion are without merit.[7]  As set forth above, prior to the instant offense, Defendant was convicted of possession with intent to distribute marijuana and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[8]  According to Defendant's PSR, Defendant was held accountable for 1077.97 grams of marijuana and 246.72 grams of methamphetamine in that case, and her guideline range of imprisonment was 30 to 37 months (PSR ¶ 41).  Due to Defendant's plea agreement, the Government agreed that Defendant's Total Offense Level would be 8, and that she should be sentenced at the bottom of the guidelines range and with alternative sentencing options (*id.*).[9]  Ultimately, Defendant was sentenced to a term of probation, although her exposure had been significantly higher.[10]

Defendant appears to rely on the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (June 14, 2010), in support of her claim that her sentence was improperly enhanced based on her prior felony drug conviction, and that counsel was constitutionally ineffective for failing to raise this issue either at trial or on appeal. *Carachuri-Rosendo*, which considered the definition of aggravated felony

---

[7]The Government did not separately address Defendant's claim that counsel failed to file an appeal, instead addressing the lone substantive issue that Defendant claims should have been raised on appeal.  The court notes that Defendant does not specifically state in her initial memorandum that she" requested" that counsel file an appeal, and her correspondence to counsel does not support such a conclusion in light of her mention of both an appeal and Rule 35. Nonetheless, she states in her unsworn reply that she requested counsel to file an appeal and that they both agreed the appeal would be filed (doc. 100 at 1).

[8] *See* Case no. 1:02cr150-002, United States District Court for the Middle District of Alabama.

[9]A total offense level of 8 and a criminal history category of I yields a guidelines range of 0 to 6 months.

[10]The docket sheet in the Alabama case reflects that the Government also filed a motion for reduction of Defendant's sentence pursuant to 5K1.1, which presumably factored into the sentence she received. Case No. 1:02cr150, doc. 42.

and the use of a predicate conviction of immigration purposes, is clearly distinguishable from Defendant's case.   In that case, the Government initiated removal proceedings against petitioner Carachuri-Rosendo, a lawful permanent resident, after his conviction of two misdemeanor drug possession offenses.   If Carachuri-Rosendo had been convicted of an "aggraded felony" he would not have been eligible for discretionary relief from removal.   The Government argued that petitioner's second state conviction for simple possession, for which he had received a term of ten days imprisonment, was "punishable" as a felony in federal court due in part to the fact that he had a prior conviction for a drug offense.   The record of conviction in the second case, however, contained no mention of the first drug offense, and the second offense was not prosecuted as a recidivist offense.   The Court noted that the Government asked it to consider a "fictional federal felony," that is, whether the crime at issue, which had been prosecuted under state law would be a felony under the Controlled Substances Act, as well as to consider facts not at issue in the (second) crime of conviction.   560 U.S. at 580.   The Court noted the improbability of Carachuri-Rosendo's conduct being punished as a felony in federal court and ultimately concluded that the "mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law was insufficient to show that the individual was convicted of an aggravated felony under 8 U.S.C. § 1229b(a)(3)."   560 U.S. at 582; *see United States v. Simmons*, 649 F.3d 237, 244 (4th Cir. 2011) (the mere possibility that defendant's conduct, coupled with facts outside the record of conviction, could have authorized a conviction of a crime punishable by more than one year's imprisonment does not establish that defendant was convicted of such a crime).   Such

speculation is not part of the court's analysis in the case at bar, as Defendant was charged and convicted of a federal felony.

To the extent Defendant argues that the use of her prior conviction as a basis to enhance her sentence was improper merely because she was not sentenced to a term of imprisonment in the previous case, such position lacks merit. Title 21 U.S.C. § 802(44) defines the term "felony drug offense" as "an offense that is *punishable* by imprisonment for more than one year under any law of the United States... that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids or depressant or stimulant substances" (emphasis added). Regardless of the fact that Defendant was not actually incarcerated for a year, her prior controlled substance conviction supports the § 851 enhancement. *See, e.g, White v. Warden, FCC Coleman-Low*, Case No. 5:10-cv-453-Oc-10TBS, 2012 WL 1900605, at *5 (M.D. Fla. May 24, 2012) (permitting consideration of state convictions for which defendant was "eligible" for thirty years imprisonment, although he did not serve an entire year in prison); *United States v. DeJesus*, 314 F. App'x 386, 389 (2d Cir. 2009) (permitting consideration of a state conviction where defendant received probationary sentence because the offense was punishable by a term of over one year); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 579 (8th Cir. 2008) (permitting consideration of state conviction because conviction under the statute in question could have resulted in a sentence either less or greater than one year); *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir. 2006) (permitting consideration of state conviction so long as a violation of the statute was punishable by more than one year imprisonment, and noting that the actual sentence received was immaterial ); *United States v. Roberson*, 459 F.3d 39 (1st Cir. 2006) (permitting consideration of state

misdemeanor drug conviction because it was punishable by up to two years in prison); *Kent v. United States*, Case No.1:07-cr-00063-MR-1, 2014 WL 221167 (W.D. N.C., Jan. 21, 2104) (disallowing consideration of conviction for which defendant could not have received a sentence of more than one year in prison); *c.f. McCarthy v. United States*, 135 F.3d 754, 757 (11th Cir. 1998) (holding that courts should look to the maximum sentence for the offense category in which the particular predicate offense falls, not to the particular sentence the defendant received, when defining a "serious drug offense" under 21 U.S.C. § 924(c)(2)(A)); *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005) (same).

Conclusion

For all of the foregoing reasons, the Defendant's § 2255 motion should be dismissed as untimely, or alternatively, that it should be denied.

**Certificate of Appealability**

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The motion to vacate, set aside, or correct sentence (doc. 94) be **DISMISSED** as untimely, or alternatively that it be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of June, 2014.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**